IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS

KAYLEA YOUNG                      PLAINTIFF

VS.        CASE NO. CV2010-724-I

MILLER TRUCK LINES, L.L.C.              DEFENDANT
105 North 8th Avenue
Stroud, Oklahoma 74079

-and-

JAMES C. FORE III                  DEFENDANT
1113 West 11th Street
Sulphur, Oklahoma 73086

## COMPLAINT

Comes the Plaintiff, KAYLEA YOUNG, by and through her attorneys of record, and as for Plaintiff's Complaint against the Defendants, MILLER TRUCK LINES, L.L.C. and JAMES C. FORE III, states as follows:

### Parties

1. Plaintiff is an individual who resides in Van Buren, Crawford County, Arkansas.

2. Defendant, MILLER TRUCK LINES, L.L.C. ("MILLER"), is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma. Defendant MILLER may be served by delivering a copy of the Summons and Complaint to its registered agent for service, James A. Miller, 105 N. 8th Ave., Stroud, Oklahoma 74079.

3. Defendant, JAMES C. FORE III ("FORE"), is an individual residing in Sulphur, Oklahoma and may be served at his residence located at 1113 West 11th Street, Sulphur, Oklahoma 73086.

### Venue

4. The actions complained of herein occurred and existed as a cause of action on or about April 30, 2010 in Crawford County, Arkansas; therefore, venue is proper in this court.

### Jurisdiction

5. This court has jurisdiction over all of the parties and the subject matter involved in this litigation.

### Facts

6. At approximately 8:07 a.m. on April 30, 2010, Defendant FORE was driving a tractor-trailer northbound on Arkansas State Highway 59 South and approaching the intersection at Riggs Drive in Van Buren, Crawford County, Arkansas. Defendant FORE was traveling at an excessive rate of speed for the conditions. Defendant FORE then barreled through the intersection slamming into the pick-up truck being driven by Plaintiff, who was turning east on Riggs Road. The impact was so severe that Plaintiff's vehicle was thrown approximately 178 feet which resulted in her head and other body parts being smashed against the interior of the pick-up truck.

7. The tractor-trailer Defendant FORE was driving was owned and operated by Defendant MILLER.

8. Plaintiff was seriously and permanently injured in the collision, suffering a traumatic brain injury as well as multiple other injuries.

### Count 1 - Negligence of James C. Fore III

9. Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

10. Defendant FORE, as a driver of a commercial vehicle, owed a duty to operate his tractor-trailer in a safe and reasonable manner and to obey all applicable traffic laws and regulations.

11. Defendant FORE was negligent in at least the following ways: failing to avoid the collision; traveling at an excessive rate of speed for the conditions; failing to take proper evasive actions; and otherwise failing to operate his vehicle in a reasonably safe manner.

## Count II - Vicarious Liability of Miller Truck Lines, L.L.C.

12. Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

13. At all times relevant to this action Defendant FORE was an employee and/or agent of Defendant MILLER, driving a commercial vehicle owned and maintained by Defendant MILLER, and was acting within the course and scope of his employment or agency with Defendant MILLER.

14. Under principles of *respondeat superior*, actual or apparent agency, and/or lease liability, Defendant MILLER is vicariously liable for the negligent acts or omissions of Defendant FORE and the resulting injuries and damages proximately caused thereby. Additionally, Plaintiff herein invokes the legal principles found in employer/employee, principal/agent and master/servant relationships as to Defendants.

15. Defendant MILLER is vicariously liable for the negligent acts and omissions of Defendant FORE and for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## Count III - Negligence of Miller Truck Lines, L.L.C.

3

16. Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

17. Defendant MILLER was also <u>independently</u> negligent in the following ways:

    a. Negligently hiring, training, supervising, and managing FORE;

    b. Failing to have or enforce an appropriate driver fatigue policy;

    c. Failing to properly maintain the commercial vehicles at issue in this case;

    d. Otherwise violating state laws and federal regulations governing trucking companies;

    e. Otherwise failing to act as a reasonably prudent trucking company under the circumstances.

18. As a direct and proximate cause of Defendant MILLER's negligence, Plaintiff sustained permanent physical and emotional injuries for pain and suffering.

19. Defendant MILLER is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## Count IV - Punitive Damages

20. Plaintiff re-alleges and incorporates herein by reference the allegations contained in all of the above paragraphs.

21. The actions of Defendant MILLER and its driver, Defendant FORE, demonstrate a wonton indifference or disregard for the safety of others or a conscious indifference to the consequences of their actions or inactions such that malice can be inferred and which warrants the imposition of punitive damages.

22. Plaintiff further asserts that the collision forming the basis of this suit was proximately caused by willful acts and omissions. Defendants' conduct demonstrates that each

4

knew or had reason to believe that their acts of negligence were about to inflict injury and/or death and that they continued in their course of action with a conscious indifference to the consequences of their acts or omissions. Accordingly, Plaintiff is entitled, and now herein sues, to recover exemplary and punitive damages in addition to the amount of her actual damages.

## Damages

23. The Defendants' actions and inactions, as set out above, proximately caused Plaintiff to suffer damages, including, but not limited to:

   a. Reasonable and necessary medical expenses in the past up to the date of trial;

   b. Reasonable and necessary medical expenses that will, based upon reasonable medical probabilities, be sustained in the future through her life expectancy;

   c. Lost wages in the past up to the date of trial;

   d. Lost wages, as well as a loss of earning capacity, into the future through and including her work life expectancy;

   e. Pain and suffering in the past up to the date of trial;

   f. Pain and suffering into the future that will reasonably be suffered through her life expectancy;

   g. Mental anguish and/or emotional injuries in the past up to the date of trial;

   h. Mental anguish and/or emotional injuries into the future that will reasonably be suffered through her life expectancy;

   i. Physical disfigurement in the past up to the date of trial;

5

j.   Physical disfigurement into the future that will reasonably be suffered through her life expectancy;

k.   Physical impairment in the past up to the date of trial;

l.   Physical impairment into the future that will reasonably be suffered through Plaintiff's life expectancy;

m.   Loss of enjoyment of life into in the past up to the date of trial;

n.   Loss of enjoyment of life into the future that will reasonably be suffered through Plaintiff's life expectancy;

o.   Reasonable and necessary vocational expenses in the past up to the date of trial.

p.   Reasonable and necessary vocational expenses in the future that will reasonably be necessary to be expended into the future to assist Plaintiff to try to get some kind of meaningful employment into the future.

24.   Plaintiff seeks recovery of reasonable and fair monetary damages for each separate element of her damages proximately caused by Defendants.

### Jury Demand

25.   Plaintiff demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that, upon final jury trial hereof, Plaintiff have judgement against Defendants, both jointly and severally, for the following:

(1) A sum in excess of the minimum jurisdictional limits of this Honorable Court;

(2) Punitive/Exemplary Damages;

(3) Pre-judgment interest at the maximum legal rate;

(4) Post-judgment interest at the maximum legal rate; and

(5) Any and all relief, be it general or special, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

Gordon, Elias & Seely, L.L.P.

R. Todd Elias
Arkansas State Bar No. 2010003
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999 Telephone
(713) 668-1980 Facsimile

ATTORNEYS FOR PLAINTIFF

7