IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAYLEA YOUNG                                                                                          PLAINTIFF

v.                                    Case No. 2:10-CV-02200

MILLER TRUCK LINES, LLC; and
JAMES C. FORE, III                                                                                  DEFENDANTS

### ORDER

Currently before the Court is the parties' Joint Motion for Reconsideration (Doc. 35), in which the Court is asked to reconsider its Order of February 17, 2012 (Doc. 34), denying the parties' Joint Motion for Continuance (Doc. 32) and Joint Motion for Joinder of St. Francis Hospital as a third party to this action (Doc. 33).

The Court reasoned in its February 17 Order that St. Francis Hospital ("St. Francis") did not yet have a valid subrogation lien against any proceeds in this case. A subrogation lien would only be valid <u>after</u> Plaintiff received any settlement proceeds, or <u>after</u> the Court made a judicial determination that Plaintiff had been "made whole."[1] The Court also found in its Order – and the parties conceded in their Motion for Reconsideration – that St. Francis was not a necessary party for

---

[1] Even though the parties appeared to agree with the Court's reasoning on this point, they urged in their Motion for Reconsideration that the Court consider relaxing the standard by which liens are held to be valid, citing in support of their argument the case of *Daves v. Hartford Acc. and Indem. Co.*, 302 Ark. 242 (Ark. 1990). In *Daves*, a subrogation lien was adjudged valid and enforceable when the insurer received notice of the existence of the claim. However, the lien in *Daves* arose by operation of law, pursuant to Arkansas statute, and no such statutory lien exists in the instant case. Rather, the lien asserted by St. Francis was filed in Oklahoma against Defendant Miller Truck Lines for costs of medical care incurred by Plaintiff Kaylea Young. St. Francis' lien is accordingly not yet valid against any proceeds in the instant dispute. Further, St. Francis has not intervened in the instant dispute nor filed its lien in any Arkansas court.

trial of this action.

It appears, therefore, that the basis for the parties' Motion for Reconsideration is their assertion that St. Francis "is . . . a necessary party in order for this case to settle." (Doc. 35, para. 5). Compulsory joinder of a party according to Fed. R. Civ. P. 19, is not premised upon the parties' ability or desire to settle. Though the Court does encourage settlement of lawsuits, a party that is not necessary for trial of a dispute, does not have a valid lien against settlement proceeds, and is not subject to service of process and personal jurisdiction in Arkansas is not a proper party to be joined by this Court.

The Court in its Order found that joinder under Rule 19 could only take place if the party to be joined were subject to service of process. In the parties' Motion to Reconsider, they stated "it is believed" that St. Francis "may very well have" certain minimum contacts with Arkansas, but provided no facts to support their speculation. *See* Doc. 35, para. 4. The facts currently before the court with regard to St. Francis are these: St. Francis is a hospital in Oklahoma; St. Francis administered services to Plaintiff in Oklahoma; and St. Francis later filed a hospital lien in an Oklahoma county court naming the parties to the instant action. Considering these facts, the Court declines to follow the parties' suggestion to join St. Francis and "wait and see" if St. Francis raises or waives the issue of lack of personal jurisdiction after joinder. Accordingly, the Court finds that its Order of February 27, 2012, was correct in that St. Francis is not subject to service of process in this case and is not a necessary party to the claims asserted in this lawsuit. The parties' Joint Motion for Reconsideration (Doc. 35) is therefore DENIED.

A pre-trial conference for this case is set for Tuesday, March 6, 2012, with trial commencing on March 12, 2012.

IT IS SO ORDERED this 24th day of February, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE